UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT ALONSO, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>JOSEPH J. FRITZEN a/k/a JOSPEH J. FRITZEN ATTORNEY AT LAW,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

**LOCAL CIVIL RULE 10.1 STATEMENT**

1. The mailing addresses of the parties to this action are:

   ROBERT ALONSO
   152 Harvest Lane
   Lincoln Park, New Jersey 07035

   JOSEPH J. FRITZEN a/k/a JOSPEH J. FRITZEN ATTORNEY AT LAW
   136 East Main Street, Unit #3
   Denville, New Jersey 07834

**PRELIMINARY STATEMENT**

2. Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that Defendants, JOSEPH J. FRITZEN a/k/a JOSPEH J. FRITZEN ATTORNEY AT LAW ("FRITZEN") and JOHN DOES 1-25, their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d). This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6. Plaintiff is a natural person, a resident of Morris County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. FRITZEN maintains a location at 136 East Main Street, Unit #3, Denville, New Jersey 07834.

8. FRITZEN uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9. FRITZEN regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

10. FRITZEN is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6), and he uses litigation and non-litigation methods in his attempts to collect debts from consumers.

11. FRITZEN is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

12. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

13. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

14. This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who were sent letters and/or notices from FRITZEN, which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined.
>
> The Class period begins one year prior to the filing of this Action.

15. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a. Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a

standard form letters and/or notices that were sent to at least fifty (50) persons. The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

    b. <u>Commonality</u>: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

        i. Whether the Defendants violated various provisions of the FDCPA as set forth herein:

        ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

        iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

        iv. Whether Plaintiff and the Class are entitled to declaratory relief.

    c. <u>Typicality</u>: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

    d. <u>Adequacy of Representation</u>: Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

16. A Class Action is superior to other methods for the fair and efficient adjudication

of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

17. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

18. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

19. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

20. At some time prior to February 2, 2022, Plaintiff entered into a lease with WEI LUN WU in connection with the renting of a condominium ("CONDOMINIUM").

21. The CONDOMINIUM obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

22. Plaintiff allegedly incurred the CONDOMINIUM obligation by obtaining goods and services which were primarily for personal, family and household purposes.

23. The CONDOMINIUM obligation did not arise out of a transaction that was for non-personal use.

24. The CONDOMINIUM obligation did not arise out of transactions that were for business use.

25. The CONDOMINIUM obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

26. WEI LUN WU is a "creditor" as defined by 15 U.S.C. § 1692a(4).

27. On or before February 2, 2022, WEI LUN WU or an intermediary referred the CONDOMINIUM obligation to FRITZEN for the purpose of collections.

28. Defendant caused to be delivered to Plaintiff a letter dated February 2, 2022, which was addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

29. The February 2, 2022 letter was sent to Plaintiff in connection with the collection of the CONDOMINIUM obligation.

30. The February 2, 2022 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

31. Upon receipt, Plaintiff read and relied on the statements contained the February 2, 2022 letter.

32. The February 2, 2022 letter stated in part:

> If you wish to discuss an agreement for your orderly removal, I will be happy to discuss same with my client. **However, there is also the issue of reimbursement of legal fees and costs incurred by the landlord in effectuating your removal now that my office has been retained.** If we cannot come to some agreement in this regard, we will file the eviction proceeding on March 1, 2022. [emphasis added].

33. The February 2, 2022 letter asserted that Plaintiff incurred a debt – reimbursement of legal fees and costs incurred by the landlord, WEI LUN WU.

34. FRITZEN made a billable entry of time with respect to the February 2, 2022 letter.

35. The February 2, 2022 letter does not contain any of the notices required by 15 U.S.C. § 1692e(11).

36. FRITZEN did not file an eviction proceeding by or on March 1, 2022.

37. Defendant caused to be delivered to Plaintiff a letter dated March 16, 2022, which was addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit B**, which is fully incorporated herein by reference.

38. The March 16, 2022 letter was sent to Plaintiff in connection with the collection of the CONDOMINIUM obligation.

39. The March 16, 2022 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

40. Upon receipt, Plaintiff read and relied on the statements contained the March 16, 2022 letter.

41. The March 16, 2022 letter stated in part:

> As indicated in my prior correspondence, if you wish to discuss an agreement for your orderly removal, I will be happy to discuss same with my client. **However, there is also the issue of reimbursement of legal fees and costs incurred by the landlord in effectuating your removal now that my office has been retained.** Given that you failed to respond to my prior correspondence, I have no alternative but to conclude that you do not wish to resolve this amicably. [emphasis added].

42. The March 16, 2022 letter asserted that Plaintiff incurred a debt – reimbursement of legal fees and costs incurred by the landlord, WEI LUN WU.

43. FRITZEN made a billable entry of time with respect to the March 16, 2022 letter.

44. The March 16, 2022 letter does not contain any of the notices required by 15 U.S.C. § 1692e(11) of the FDCPA.

45. FRITZEN's initial communication with Plaintiff was within one year of the filing of this complaint.

46. No written communication sent by FRITZEN to Plaintiff within one year of the filing of this complaint contained the notices required by 15 U.S.C. § 1692g(a)(3) through (5) of the FDCPA.

47. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently.

48. The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

49. FRITZEN knew or should have known that its actions violated the FDCPA.

50. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

51. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto, which violate the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

   (b) Making a false representation of the character, amount or legal status of a debt;

   (c) Making a false representation of services rendered or compensation which may be lawfully received by a debt collector.

      (d)      Threatening to take any action that cannot legally be taken or that is not intended to be taken; and

      (e)      Failing to provide the notices required to be provided by the FDCPA.

52. Defendants have sent written communications in the form annexed hereto, to at least 50 natural persons in the state of New Jersey within one year of this Complaint.

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

53. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

54. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

55. As described herein, Defendant violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; §1692e(2)(A); §1692e(2)(B); §1692e(5); §1692e(10); §1692e(11); and § 1692g(a) et seq.

56. Defendant violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with his attempts to collect debts from Plaintiff and others similarly situated.

57. Defendant violated 15 U.S.C. § 1692e of the FDCPA in connection with his communications to Plaintiff and others similarly situated.

58. As described herein, Defendants violated 15 U.S.C. § 1692e of the FDCPA.

59. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

60. As described herein, Defendants violated 15 U.S.C. § 1692e(2)(A).

61. As described herein, Defendants violated 15 U.S.C. § 1692e(2)(B).

62. As described herein, Defendants violated 15 U.S.C. § 1692e(5).

63. As described herein, Defendants violated 15 U.S.C. § 1692e(10).

64. As described herein, Defendants violated 15 U.S.C. § 1692e(11).

65. As described herein, Defendants violated 15 U.S.C. § 1692g(a) et seq.

66. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

67. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

68. Plaintiff and others similarly situated have a right to be free from abusive debt collection practices by debt collectors.

69. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

70. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

71. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

72. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages, including but not limited to a disgorgement of all money collected during the relevant period;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: March 23, 2022

Respectfully submitted,

By: *s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue
Fairfield, New Jersey 07004
Phone: (973) 227-5900
Fax: (973) 244-0019
jkj@legaljones.com
*Attorneys for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: March 23, 2022

*s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)

# EXHIBIT

# A

# JOSEPH J. FRITZEN
### ATTORNEY AT LAW

136 EAST MAIN STREET, UNIT #3 • DENVILLE, NJ 07834
PHONE (973) 343-7575 • FAX (973) 983-7781

JOSEPH J. FRITZEN, ESQ.
ADMITTED IN NJ, PA AND NC

INTERNET: Fritzenlaw.com
EMAIL: Joe@fritzenlaw.com

March 16, 2022

**Via Certified and Electronic Mail**
Mr. Robert Alonso

> Re:   Wei Lun Wu v. Robert Alonso

Dear Mr. Alonso:

As previously advised, the undersigned represents your landlord, Wei Lun Wu. My client has advised that you have continued to pay less than the current amount of rent. Please note that these payments are being accepted under protest, without waiver and without prejudice to the rights of the landlord.

Please note also that we will be filing a Complaint for eviction based on your refusal to sign the Lease, as set forth in the Notice to Quit previously served upon you. That will be served by the Clerk of the Superior Court.

As indicated in my prior correspondence, if you wish to discuss an agreement for your orderly removal, I will be happy to discuss same with my client. However, there is also the issue of reimbursement of legal fees and costs incurred by the landlord in effectuating your removal now that my office has been retained. Given that you failed to respond to my prior correspondence, I have no alternative but to conclude that you do not wish to resolve this amicably.

Thank you.

Very truly yours,

JOSEPH J. FRITZEN

JJF/
cc:   Mr. Wei Lun Wu (via e-mail)

# EXHIBIT

# B

# JOSEPH J. FRITZEN
### ATTORNEY AT LAW

136 EAST MAIN STREET, UNIT #3 • DENVILLE, NJ 07834
PHONE (973) 343-7575 • FAX (973) 983-7781

JOSEPH J. FRITZEN, ESQ.
ADMITTED IN NJ, PA AND NC

INTERNET: Fritzenlaw.com
EMAIL: Joe@fritzenlaw.com

February 2, 2022

**Via Certified and Electronic Mail**
Mr. Robert Alonso

Re:   Wei Lun Wu v. Robert Alonso

Dear Mr. Alonso:

    As previously advised, the undersigned represents your landlord, Wei Lun Wu. My client has advised that upon service of the Notice to Quit terminating your leasehold and demanding that you surrender occupancy, you immediately signed and returned a prior version of a Lease offered by the landlord.

    <u>Please be advised that the landlord does not accept this belated Lease Agreement</u>. Once the Notice to Quit was delivered, you lost the opportunity to negotiate a new lease. The landlord intends to move forward with the eviction should you fail to deliver possession as required by the Notice. Any rents paid subsequent to the Notice to Quit are under protest, and without prejudice to the rights of the landlord.

    If you wish to discuss an agreement for your orderly removal, I will be happy to discuss same with my client. However, there is also the issue of reimbursement of legal fees and costs incurred by the landlord in effectuating your removal now that my office has been retained. If we cannot come to some agreement in this regard, we will file the eviction proceeding on March 1, 2022.

    Please be guided accordingly.

Very truly yours,

JOSEPH J. FRITZEN

JJF/
cc:   Mr. Wei Lun Wu (via e-mail)